The Honorable Evelyn Ammons State Representative P.O. Box 1005 Waldron, AR 72958-1005
Dear Representative Ammons:
This is in response to your request for an opinion concerning the formation of a nonprofit corporation. Your request states that you are concerned with whether there is a "legal problem" with all the members of the board of directors of a school district and the superintendent of that district "incorporating a nonprofit corporation pursuant to the Arkansas Nonprofit Corporation Act of 1993 for the purpose of soliciting contributions of funds and property from private sources to be used for the benefit of the school district." You have indicated that the school board directors and the superintendent would constitute the incorporators and the board of directors and officers of the nonprofit corporation. In light of the foregoing situation, you have presented the following questions:
 1. Is there any provision in the law prohibiting the designated group from setting up such a corporation.
 2. Is there any prohibition against such designated group serving simultaneously for the school district and for the nonprofit corporation? Is there any risk that the school directors and superintendent would be acting inconsistent with any duties prescribed by law for them as such school directors and school superintendent?
Title Six of the Arkansas Code Annotated generally addresses "Education," and the powers and duties of the board of directors of a school district are set forth in A.C.A. § 6-13-620 (Supp. 1997). I have found nothing in the Education Title that flatly prohibits the individual members of the board of directors of a school district or the superintendent of that district from forming a nonprofit corporation for the purpose of soliciting contributions of funds and property from private sources to be used for the benefit of the school district. Further, I have found nothing in the Education Title that flatly prohibits the school board directors or the superintendent from simultaneously serving the school district and the nonprofit corporation.
In addition, it does not appear that service in such a nonprofit corporation is, in itself, inconsistent with the statutory duties of a member of the board of directors or a superintendent. It should, however, be stated that there is always a "risk" that a school board director or a superintendent might act in a manner inconsistent with his or her position as a school official. Such "risks" are present regardless of whether a nonprofit corporation has been formed. Nevertheless, the formation of such a corporation by school officials increases certain risks, such as the possibility that school resources might improperly be used for operation of the corporation. I suggest that the school board's local counsel be consulted regarding the use of school district resources and the responsibilities of school officials.
Finally, I suggest that the individuals planning to incorporate contact private counsel regarding the incorporation process and the law governing the activities of such a nonprofit corporation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh